# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

———————

No. 98-2726

———————

| | | |
|---|---|---|
| Patricia Straughter, | * | |
| | * | |
| Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Eastern District of Missouri. |
| | * | |
| United States of America, | * | [UNPUBLISHED] |
| | * | |
| Appellee. | * | |

———————

Submitted: January 15, 1999
Filed: January 28, 1999

———————

Before BOWMAN, Chief Judge, MURPHY, Circuit Judge, and VIETOR,[1] District
Judge.

———————

PER CURIAM.

Patricia Straughter appeals the entry of summary judgment by the District Court[2]
in favor of the United States in Straughter's action under the Federal Tort Claims Act.
The evidence shows that based on information provided by a confidential informant,

———

[1]The Honorable Harold D. Vietor, United States District Judge for the Southern
District of Iowa, sitting by designation.

[2]The Honorable Jean C. Hamilton, Chief Judge, United States District Court for
the Eastern District of Missouri.

Drug Enforcement Administration agents obtained a search warrant for Straughter's apartment. Upon executing the warrant, the agents found no evidence of illegal drug activity. Straughter subsequently commenced this action. The District Court granted the government's motion for summary judgment, determining that Straughter's evidence failed to create a genuine issue of fact as to whether the agents had any reason to believe that the information provided by the confidential informant was erroneous.

For reversal, Straughter first argues that the District Court abused its discretion in denying Straughter's motion to compel the United States to disclose the identity of the confidential informant who provided information regarding Straughter to law enforcement authorities. We disagree. The United States has a privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1956). That privilege may be overcome only if the plaintiff makes a showing beyond mere speculation that the informant's identity is material to the disposition of the plaintiff's claims against the United States. Here, the District Court determined that Straughter had offered no evidence tending to demonstrate the materiality of the informant's identity. Accordingly, the court denied Straughter's motion to compel. That decision, we conclude, did not constitute an abuse of discretion.

Second, Straughter contends there are genuine issues of material fact that preclude the entry of summary judgment in favor of the United States. Having considered the record, we agree with the District Court that Straughter failed to demonstrate the existence of any disputed issues of fact that are material to her contention that the warrant authorizing the search of her apartment was invalid. The District Court therefore did not err in granting summary judgment.

The judgment of the District Court is affirmed. See 8th Cir. R. 47B.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.